IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DERRIAN LATROYCE SPANN,         ) | |
| ) | C/A No. 4:06-3083-HFF-TER |
| Petitioner,         ) | |
| ) | |
| vs.         ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN STANN BURTT,         ) | |
| ) | |
| Respondent.         ) | |
| ____         ) | |

Petitioner, Derrian Latroyce Spann ("Petitioner/Spann"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 30, 2006. Respondent filed a motion for summary judgment on February 16, 2007, along with a return and supporting memorandum. The undersigned issued an order filed February 20, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a motion to dismiss his case without prejudice on March 15, 2007. Respondent filed a response in opposition on March 23, 2007.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the respondent in his memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

seriously disputed by the petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondent.

Petitioner is presently confined to Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County. On April 7, 1997, the Charleston County Grand Jury indicted petitioner for murder arising from the homicide of Antavius Farr on February 9, 1997. (97-GS-10-2170). {PCR App. 928-29}.

Petitioner was represented at the trial level by Patricia Ann Kennedy and Donna K. Taylor, Esquire. Deputy Solicitor John "Jack" Sinclair, III was the prosecutor. From December 7 to 9, 1998, petitioner went to trial before the Honorable R. Markley Dennis, Jr., and a jury. On December 9, 1997, the jury returned a verdict of guilty. Judge Dennis sentenced petitioner to life imprisonment without parole.

A notice of appeal was timely filed with the South Carolina Supreme Court on December 16, 1998. Petitioner was represented on direct appeal by Robert L. Hallman, Esquire, who filed a Final Brief of Appellant on March 14, 2000. In the brief, Hallman raised the following issues on appeal:

1. The trial judge erred in refusing to suppress Howard Prioleau's identification of Appellant where that identification was the unreliable product of an unduly suggestive physical lineup.

2. The trial judge erred in refusing to suppress Etrenda Stewart's identification of Appellant where that identification was the unreliable product of an unduly suggestive photographic lineup.

3. The trial court erred in denying Appellant the right to cross examine the State's witnesses regarding possible favorable treatment of their pending criminal charges as this issue related to their credibility.

{PCR App. 942}. Following submission of a brief by the State, submission of a Reply Brief by

petitioner, and oral argument, the South Carolina Supreme Court affirmed by memorandum opinion filed November 28, 2000. <u>State v. Spann</u>, Memo. Op. No. 2000- MO-144 (S.C. Sup. Ct. November 28, 2000) {PCR App. 940-41}. The Remittitur was sent down on December 18, 2000.

Petitioner filed an Application for Post-Conviction Relief ("APCR") on August 10, 2001 (01-CP-10-2998). {PCR App. 735}. Through appointed counsel Kerry W. Koon, Esquire, petitioner filed an Amended Application for Post-Conviction Relief dated December 20, 2002, in which he raised the following issues:

1. Ineffective assistance of counsel. Trial counsel failed to object to evidence and testimony that Applicant had assaulted a witness, William Patterson, causing him to lose his eye; failed to object to the testimony of Dr. Boatwright, which was unduly inflammatory and prejudicial to the Applicant; failed to object to repeated references that the Applicant had "gouged out" the eye of witness Patterson; trial counsel failed to present alibi witness testimony available at trial; trial counsel failed to preserve for appeal claims that Applicant's attorneys were not allowed to cross examine State witnesses Frank Fisher, William Patterson, and Damon Bass concerning pending criminal charges and their hope of reward in return for their testimony.

2. Violation of the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. The Court erred and violated the Defendant's Constitutional rights in failing to suppress the testimony of witnesses Prileau, Stewart and Bass.

{PCR App. 742}. The State filed a Return on February 11, 2002. {PCR App. 770}.

An evidentiary hearing in the case was held before the Honorable Roger M. Young on December 17, 2003. Petitioner was present and represented by Kerry W. Koon, Esquire; the State was represented by Assistant Attorney General S. Creighton Waters. Petitioner called to testify himself, Spencer Nunnally, William Spann, and Christopher Edwards; the State called trial counsel Taylor and Kennedy. {PCR App. 779}. Judge Young issued an Order rejecting petitioner's claims

for relief dated March 2, 2004. {PCR App. 974}.

A timely notice of appeal from Judge Young's Order was filed with the South Carolina Supreme Court. Robert M. Pachak, of the South Carolina Office of Appellate Defense, was appointed to represent petitioner in his APCR appeal. On January 10, 2005, Pachak filed a Petition for Writ of Certiorari, in which he raised the following issue:

> Whether defense counsels were ineffective in failing to properly preserve for appellate review the trial court's refusal to allow cross-examination of three state's witnesses concerning pending charges?

The State filed a Return to the Petition for Writ of Certiorari dated March 30, 2005.

The case was subsequently transferred to the South Carolina Court of Appeals by Order dated December 29, 2005. On March 13, 2005, the South Carolina Court of Appeals issued an Order in which it denied the petition for writ of certiorari. The Remittitur was sent down on March 29, 2006.

Petitioner next filed a second Application for Post-Conviction Relief ("APCR2") on April 27, 2006 (06-CP-10-1686). In the APCR2, Petitioner raised the following grounds:

1. PCR court failed to rule on all issues presented at evidentiary hearing held on 12/17/03, in violation of S.C. Code §17-27-80. Pruet v. State, 310 S.C. 254, 423 S.E.2d 127 (1992).

On June 26, 2006, the State filed a Return and Motion to Dismiss, in which it argued the APCR2 should be dismissed as impermissibly successive and violative of the state PCR statute of limitations.

On June 28, 2006, the Honorable Deadra L. Jefferson signed a Conditional Order giving petitioner twenty (20) days from the date of service in which to show why the APCR2 should not be dismissed as successive to his prior application for post-conviction relief and for failure to comply with the state PCR one-year filing procedures. (Attachment #13, document #11). Petitioner filed a

Supplemental Brief of Applicant on July 11, 2006. Judge Jefferson signed a Final Order filed October 3, 2006, which dismissed the action for the reasons expressed in the Conditional Order. Petitioner did not appeal the dismissal of the APCR2.

## II. HABEAS ALLEGATIONS

Petitioner raised the following allegations in his habeas petition:

| | |
|---|---|
| Grounds One Two, Three: | Abuse of discretion by trial judge violation of the 5th, 6th, 14th Amendments of the US Constitution. |
| Grounds Four, Five, Six: | Ineffective assistance of counsel. |
| Ground Seven: | The court erred and violated the defendant's Constitutional violation of 6th, 5th, right in failing to suppress the testimony of witnesses and 14th Amendments of Prioleau, Stewart, and Bass. |

(Petition).

## III. SUMMARY JUDGMENT

On February 16, 2007, respondent filed a return and memorandum of law in support of the motion for summary judgment. In response, petitioner filed a motion to dismiss his case without prejudice.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV. STANDARD OF REVIEW

Since Spann filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998);

Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondent asserts that the petitioner's claims must be dismissed as untimely. Specifically, respondent contends the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues as follows, quoted verbatim, in part:

> Petitioner's conviction was finalized by the conclusion of direct review on February 26, 2001, or ninety (90) days after November 28, 2000, the date the South Carolina Supreme Court issued its opinion affirming petitioner's conviction . . . Petitioner therefore had until February 26, 2002, to file his federal habeas corpus action unless the period was at any time tolled . . .
>
> Petitioner did not file his APCR until August 10, 2001, so one hundred and sixty-five (165) days of non-tolled time ran since the period of limitations began on February 26, 2001. The period of limitations was tolled during the pendency of the APCR until no later than March 13, 2006, when the South Carolina Supreme Court issued its order denying certiorari review on the APCR Order of Dismissal. . .
>
> Petitioner did not file his second APCR until April 27, 2006 . . . Here in addition to the successive bar and the doctrine of res judicata, the APCR2 court dismissed the APCR2 for being in violation of the one-year state PCR statute of limitations . . . a further two hundred and twenty-eight (228) of non-tolled time accrued between the denial of the APCR's Petition for Writ of Certiorari on March 13, 2006, and the delivery date of the present habeas petition on October 27, 2006. When the pre-and post- APCR time periods are added, there were at least three hundred and ninety-three (393) days of non-tolled time since Petitioner's period of limitations began to run on June 18, 2001.
>
> Therefore, the present Petition for Writ of habeas Corpus is clearly time-barred and should be dismissed with prejudice . . .

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The

8

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner filed a direct appeal. Petitioner's conviction

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

9

was affirmed by the state supreme court on November 28, 2000. Petitioner had ninety days to seek certiorari from the United States Supreme Court which he did not seek. Therefore, his direct appeal concluded on February 26, 2001. Petitioner filed a APCR on August 10, 2001. Thus, one hundred and sixty-five (165) days of non-tolled time lapsed between the conclusion of the direct appeal and the filing of the PCR application. The limitations period was tolled from August 10, 2001, until the South Carolina Court of Appeals issued its order on March 13, 2006,[3] denying certiorari review. Petitioner filed a second APCR on April 27, 2006, which was dismissed as barred by the state PCR statute of limitations. Thus, it was not properly filed to toll the statute of limitations time period. Petitioner filed his federal habeas corpus petition on October 30, 2006, with a Houston v. Lack delivery date of October 27, 2006, (the Lieber Mailroom "received" stamp on the envelope) (document #1). Therefore, an additional two hundred and twenty-eight (228) days of non-tolled time accrued between the denial of the petition for writ of certiorari and the filing of the habeas petition for a total of three hundred and ninety-three (393) days. Thus, the time is outside the limitations period.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January

---

[3] Even if the court were to consider counting the time from the date the remittitur was sent down on March 29, 2006, the petition would still be outside the time limit. (March 30, 2006 to October 27, 2006 totals two hundred and eleven days. (211 + 165=376 days).

10

> 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the

> petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, supra. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the respondent's motion for summary judgment (document #12) should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations.

As previously stated, petitioner filed a motion to dismiss his petition without prejudice "for failing to exhaust his state remedies." Petitioner asserts that after his second PCR application was dismissed, there was "no appeal filed with the appellate court to see if in fact the action was timely filed, leaving a novel question of law." (Document # 16). Thus, petitioner asserts that he has a state remedy available to him for an appeal not being filed from his second PCR dismissal.

Respondent filed a response in opposition asserting that the motion should be denied for

several reasons. First, respondent asserts that an answer and motion for summary judgment were filed on February 16, 2007, well before petitioner filed the instant motion. Thus, respondent asserts he has already expended time and expense in reviewing the case, preparing the return and memorandum, and compiling and copying the relatively lengthy state court record from the trial. Second, respondent asserts petitioner failed to file a notice of appeal from his second PCR in a timely manner and, thus, has not been diligent. Third, respondent asserts petitioner has failed to show a sufficient explanation of voluntary dismissal without prejudice in that petitioner was representing himself in the second PCR and was not appointed an attorney because it was dismissed without a hearing based on the statute of limitations. Therefore, it was petitioner who failed to file an appeal. Respondent asserts that there is no viable state court remedy remaining and the only reason given by petitioner as supporting the present motion to dismiss is non-existent. Therefore, respondent argues that all of the factors weigh against petitioner's motion to dismiss without prejudice.

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for dismissal by order of the court. The court determines when a case will be dismissed when there is no stipulation by all of the parties and/or an answer has been filed. Absent "legal prejudice" to the defendant, the court should normally grant a motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). In Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005), the court stated that prejudice does not arise simply because a second action has been or may be filed against the defendant, (citing Am. Nat'l Bank & Trust Co., 931 F.2d 1411, 1412 (10th Cir. 1991)). The important aspect is whether the opposing party will suffer prejudice. Echols ex rel. Pitman v. EBA Krug & Priester GmbH & Co., 225 F.R.D. 518, 519 (E.D.N.C. 2205). The court in Brown further held the following:

> Prejudice is a function of other, practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present state of litigation. Ohlander, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.* And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." County of Santa Fe v. Public Serv. Co., 311 F.3d 1031, 1048 (10th Cir.2002) (quotation omitted).

Brown, supra.

After considering all of the factors, the undersigned recommends that petitioner's motion to dismiss his case without prejudice be denied. Respondent has expended time and expense into the case having filed the motion for summary judgment based in part on the issue of the statute of limitations and obtaining the state transcript of record. Additionally, respondent filed his motion for summary judgment on February 16, 2007, and petitioner waited until March 15, 2007, to file the motion to dismiss without prejudice. As set out above, petitioner filed his habeas petition outside of the one-year statute of limitations. Petitioner's reason for requesting that his case be dismissed without prejudice is because there was no appeal filed after the dismissal of his second PCR as being successive and barred by the statute of limitations. However, petitioner filed the second PCR, pro se, and petitioner himself failed to file an appeal. Petitioner has not presented any evidence that an appeal would have been successful. Further, petitioner has not presented any reason that the statute should have been tolled for him to file a second PCR out of time. Thus, his explanation is insufficient. Additionally, petitioner has not been diligent. He filed his petition on October 30, 2006, and waited until March 2007, two months after respondent filed the motion for summary judgment,

before he filed his motion to dismiss. Additionally, respondent has incurred expense and time in preparing the motion for summary judgment. Based on all of the above, the undersigned concludes respondent would suffer prejudice if petitioner's motion to dismiss his case without prejudice was granted. Accordingly, it is recommended that petitioner's motion to dismiss be denied.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondent's motion for summary judgment (document #12) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing. It is, FURTHER RECOMMENDED that petitioner's motion to dismiss his case without prejudice (document #16) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 17, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**