

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DERRIAN LATROYCE SPANN, | § |
| | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO. 4:06-3083-HFF-TER |
| | § |
| STAN BURTT, Warden, Lieber | § |
| Correctional Institution, | § |
| | § |
| Respondent. | § |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se. The matter is before the Court for review of the United States Magistrate Judge's Report and Recommendation (Report) suggesting that Respondent's motion for summary judgment be granted and Petitioner's motion to dismiss be denied. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 17, 2007, and the Clerk entered Petitioner's objections on May 31, 2007.

Petitioner first objects to the Magistrate Judge's determination that his motion to dismiss should be denied. Petitioner argues that the motion should be granted because he has failed to exhaust his state remedies with regard to his second Application for Post-Conviction Relief (APCR). The state judge dismissed the second APCR not only because it was time barred, but also because Petitioner raised no new claims and the second APCR was deemed "successive" to the first, requiring dismissal. Petitioner did not appeal that dismissal and now relies on *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), for the proposition that there is no statute of limitations in which to petition the state court for an APCR appeal.

In *Austin*, the petitioner's counsel failed to seek appellate review after dismissal of the original APCR. *Id.* at 454. In the untimely second APCR, the petitioner claimed ineffective assistance of counsel because he alleged that counsel failed to seek review on his initial APCR. *Id.* Looking to remedy what it deemed an unfair situation, the court decided to "craft a remedy," providing the petitioner a hearing to determine if the petitioner had sought appellate review in the original APCR, and, if so, whether counsel denied the petitioner that opportunity. *Id.*

*Austin*, therefore, does not stand for the proposition that there is no statute of limitations for petitioning the state court for an APCR appeal. Instead, the supreme court created a remedy because Austin never received a full bite at the apple, as he was prevented from seeking any review of the denial of his APCR. Here, Petitioner has obtained a complete adjudication on the merits of his original application. Accordingly, the Court finds this objection to be without merit.

2

Petitioner also objects to the Magistrate Judge's determination that Petitioner's habeas corpus petition is time barred by the one-year statute of limitations. The Magistrate Judge concluded that there were 393 days of non-tolled time (or, alternatively, 376 from the date of the remittitur). Petitioner argues that the statute of limitations should have been tolled from the time he filed his second APCR until its dismissal on June 28, 2006, leaving 331 days of non-tolled time, well within the statute of limitations. The Magistrate Judge determined that because Petitioner's second APCR was not filed properly, the time between the filing and dismissal should not be tolled.

Petitioner relies on *Artuz v. Bennett*, 531 U.S. 4 (2000), which holds that a properly filed APCR application will toll time, even if the claims therein are procedurally barred. *Artuz* at 8-10. However, in this case, there is no properly filed application with procedurally barred claims. Rather, this case presents an improperly filed application, which was dismissed partly because it was filed more than a year after Petitioner's conviction.

The Magistrate Judge determined that equitable tolling is Petitioner's only means of bypassing the statute of limitations. The Magistrate Judge further found that Petitioner's situation is not one in which equitable tolling would be proper. Petitioner failed to object to that finding.

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that (1) Respondents' motion for summary judgment be **GRANTED**; (2) Petitioner's motion to dismiss be **DENIED**; and (3) the petition be **DISMISSED**.

**IT IS SO ORDERED.**

Signed this 27th day of September, 2007, in Spartanburg, South Carolina.

                                                s/ Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.